IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE CLIFTON, R51621, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1888-DWD |
| | ) |
| JOHN/JANE DOE MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Clarence Clifton, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. Specifically, Plaintiff alleges that the defendants are not providing adequate care for blood loss when he defecates. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that shortly after he arrived at Pinckneyville, he noticed excessive bleeding when he defecated on January 17, 2025. He summoned an officer, who in turn summoned a nurse that placed him on sick call for the next day. On January 18, 2025, he was seen by a Jane Doe nurse on sick call who provided fiber and stool softeners and told him he would have to wait until the weekend was over to see the doctor. (Doc. 1 at 8). Plaintiff alleges that he told her that he was in severe pain, he was nauseous, and he was still experiencing heavy bleeding, but she did not offer any other care. Plaintiff states that he finally saw the John Doe doctor, though he does not provide a date. He alleges that the doctor promised to send Plaintiff for an outside evaluation, but as of the first week of September 2025, Plaintiff claims he still has not been seen further. He alleges that he is still suffering, and that the defendants' conduct has delayed his access to necessary care. He seeks immediate injunctive relief in the form of an order that he immediately receive adequate emergency care at an outside facility.

In support, Plaintiff attached a grievance about his desire for care. The Warden deemed the grievance an emergency on January 24, 2025 (Doc. 1 at 11), but the grievance office did not respond until March 3, 2025 (Doc. 1 at 13). The response indicated that Plaintiff had been seen by a nurse and had been referred twice "to a provider," but there was no indication Plaintiff was actually seen by a provider. (Doc. 1 at 13).

Based on the allegations in the Complaint, the Court will designate the following claims:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Defendant Jane Doe nurse for not providing Plaintiff with any pain relief or immediate care on January 18, 2025;
>
> **Claim 2:** Eighth Amendment deliberate indifference claim against Defendant John Doe doctor for promising an outside medical appointment, and failing to follow through with any care since January of 2025.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. Berry v. Peterman, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific

care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Plaintiff's complaint generically alleges in the caption that John or Jane Doe medical staff are at fault for failing to provide care after he reported severe pain and excessive bleeding when he defecated in January of 2025. Typically, the blanket naming of a large group of Doe defendants is inadequate to state a claim because § 1983 claims rely heavily on personal responsibility. However, here, the Plaintiff clearly discusses a Jane Doe nurse that he saw on January 18, 2025, and a John Doe doctor that he presumably saw within a few days. He faults these two for failing to address his severe pain, heavy bleeding, and nausea in a timely fashion, and alleges that his problems have continued untreated through September of 2025. He attaches a grievance that suggests he saw nursing staff in March of 2025, but it does not clearly discuss ongoing care or future appointments.[1] Given that Plaintiff alleges a present medical condition that he claims is causing him pain and is resulting in heavy bleeding, the Court will accept his complaint as adequate. The Clerk of Court will be directed to replace the generic "John/Jane Does" Defendant with Jane Doe 1 (the nurse) and John Doe 1 (the doctor). The Clerk will also be directed to add the Warden of Pinckneyville to the case in official capacity to help identify the John and Jane Doe and to implement any potential injunctive relief.

---

[1] The grievance is significant to the Court's initial treatment of this case because the Warden deemed it an emergency in January of 2025, but it did not get a response from a grievance officer until March of 2025. (Doc. 1 at 13). The response made it seem that Plaintiff was still waiting to be seen by a doctor or for follow-up care.

Plaintiff shall have 21 days to file a Notice giving a physical description of Jane Doe and John Doe, such as hair color, height, appearance, etc.. This information will be used to assist in naming these individuals. Failure to timely file this information could result in the dismissal of this case for failure to prosecute.

As to Plaintiff's request for emergency injunctive relief (Doc. 1 at 9-10), Plaintiff has not filed a freestanding motion, and although he claims that his problem was still untreated as of September of 2025, he did not give much information about his current medical state. Generally, to seek emergency or temporary relief while a case proceeds, an inmate should file a motion under Federal Rule of Civil Procedure 65. Here, Plaintiff has not filed a freestanding motion. The most he has done is to allege that he still had not received treatment as of September 2025, and thus he has been left suffering. While the Court does not doubt that he may be experiencing discomfort, pain, or other ill effects if his allegations are true, it will not direct a response to Plaintiff's request for emergency care unless he files a separate motion. If Plaintiff wishes to file a motion for preliminary injunctive relief, he should provide details about his current physical state, including if he has been seen by any medical providers recently for his bleeding or pain, and how his condition has changed since January of 2025.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1 and 2** of the Complaint (Doc. 1) survive against Defendants Jane Doe and John Doe. The Clerk of Court is **DIRECTED** to **REPLACE** the generic "Jane or John Does Defendant" with Jane Doe 1, John Doe 1, and the Warden of Pinckneyville (in official capacity).

Plaintiff shall have 21 days to file a Notice with as much descriptive information as possible about Jane Doe 1 and John Doe 1. Plaintiff may also file a motion for injunctive relief if he believes it is still necessary.

The Clerk of Court is **DIRECTED** to prepare for Defendant Warden of Pinckneyville (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff must **file a Notice within 21 days** giving as much identifying information as possible about Jane Doe and John Doe. Galloway will then be given a deadline to respond. Plaintiff must also **pay his $101.01 filing fee within 30 days**, or this case will be dismissed.

**IT IS SO ORDERED.**

Dated: November 5, 2025                    /s/ *David W. Dugan*
                                           _____
                                           DAVID W. DUGAN
                                           United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.