IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE CLIFTON, R51621, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-1888-DWD |
| ) | |
| JANE DOE 1, ) | |
| JOHN DOE 1, ) | |
| WARDEN OF PINCKNEYVILLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Clarence Clifton, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. Specifically, Plaintiff alleges that the defendants are not providing adequate care for blood loss when he defecates. Plaintiff's complaint spoke only generically of John and Jane Doe medical staff, so upon initial review when the Court designated claims to proceed, it indicated that it was narrowing the focus to Jane Doe 1, the nurse Plaintiff alleges he saw on January 18, 2025, and John Doe 1, the doctor Plaintiff alleges he saw within a week of the initial issue in January of 2025. (Doc. 7). The Court directed Plaintiff to file a Notice with identifying information about John Doe 1 and Jane Doe 1. Plaintiff has now complied, but he speaks of four defendants, instead of two. (Doc. 13 at 4-7). Plaintiff has also filed a Motion for a Preliminary Injunction (Doc. 13 at 1-3) wherein he seeks immediately medical attention

for his rectal bleeding, and other unresolved medical conditions. For reasons explained in this Order, Plaintiff's Motion for a Preliminary Injunction (Doc. 13), which also contains his Notice identifying the Does, will be denied.

### IDENTIFICATION OF DOE DEFENDANTS

In the Complaint, Plaintiff explained that he first experienced heavy rectal bleeding on January 17, 2025. On that date he was able to report the issue to a nurse, and he was then seen on sick call the next day by a nurse. (Doc. 1). He complained that when he saw the nurse at sick call she simply gave him Fiberlax and deferred further care until he could be seen by a doctor on a weekday. The Court designated the nurse that Plaintiff saw on sick call on January 18, 2025, as Jane Doe 1. In his Notice (Doc. 13 at 4-7), Plaintiff now claims that he actually meant to name two Jane Doe nurses, and not just one. He provides a physical description for two distinct individuals, but he does not explain if he saw them both January 18, 2025. Plaintiff cannot amend his complaint, adding claims or new parties, by simply filing this Notice about the identity of medical professionals that he saw at the prison. If Plaintiff wishes to pursue a claim against more individuals than Jane Doe 1 or John Doe 1, he must file an amended complaint that clearly describes each defendant's role. So, for example, he would need to explain when he saw Jane Doe 1 and Jane Doe 2, and what each person did that he alleges caused him harm.

As for the doctor that Plaintiff saw in January of 2025, Plaintiff alleged that it was a John Doe in his complaint, but he now states in his notice that he saw "Ms. Desai" in January of 2025. He provides a physical description of this individual. He then goes on to explain that in September of 2025 he learned that he had been switched to a new John

Doe doctor, whom he believes is Dr. Morgan. He provides a physical description for Dr. Morgan. Plaintiff's Complaint did not contain any specific allegations about a visit with a new doctor in September of 2025. Again, he cannot use this Notice (Doc. 13 at 4-7) to add new defendants to this lawsuit. If he wants to incorporate Dr. Morgan, he will need to file an amended complaint describing Dr. Morgan's role in his care.

Plaintiff's Notice (Doc. 13 at 4-7) does not contain enough information for the Court to reasonably understand who he means to substitute for Jane Doe 1 (the nurse he saw January 18, 2025), and John Doe 1 (the doctor he saw around January 24, 2025). Therefore, Plaintiff must file a new Notice that only contains information about Jane Doe 1 and John Doe 1. If Plaintiff wishes to add more defendants, he must file an amended complaint.

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has filed a Motion for a Preliminary Injunction wherein he complains that he still has not received adequate care for his rectal bleeding and associated pain. In the Motion, he does not discuss either of the Defendants individually, and in fact he does not describe the actions of any care providers at Pinckneyville. Instead, he generically complains that his medical issues have persisted from January of 2025 through mid-November of 2025 without adequate care. However, he explains that in September of 2025, he was sent to a hospital where some unidentified issue was discovered and removed from his chest and colon. He complains that despite this visit, he still experiences pain while defecating, bleeding, and general malaise. He also complains that

he has not received treatment for left hand pain or low back pain, despite being promised a specialist visit.

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays v. Dart,* 974 F.3d 810, 818 (7th Cir. 2020). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio,* 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.; Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte,* 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays,* 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief,

where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Here, Plaintiff's request for injunctive relief extends beyond the bounds of the allegations in his complaint. Specifically, his complaint contends that individuals he saw in January of 2025 did not provide adequate care. Although he mentioned in the complaint that his issue continued thru September of 2025, he did not allege who he was seeing for treatment at that point, or if he was not being seen, who he had contacted to at least request treatment. The Motion for the Preliminary Injunction now spans even further than the allegations of the complaint by taking issue with care rendered in September of 2025 at a specialist visit, and by complaining that as recently as mid-November of 2025, Plaintiff's issue has not gotten better. These allegations reach beyond the bounds of the claims and parties named in the complaint, and thus preliminary injunctive relief is not appropriate. Additionally, Plaintiff's request for care related to his left hand or back is not related to any of the underlying claims, so this relief is not warranted.

This is not to say that Plaintiff may not be eligible for some sort of preliminary injunctive relief, but preliminary injunctions must be very narrowly drawn, and they must align closely with the active claims in the case. If Plaintiff continues to believe that he needs preliminary injunctive relief for his bleeding or rectal pain, he must file an amended complaint that clearly describes the care and the people who provided care (or who he asked for care) from January of 2025 to present. Once Plaintiff has a complaint

that properly identifies the actors responsible for his care, and their alleged actions in failing to provide care, he may also seek preliminary injunctive relief again.

## DISPOSITION

Plaintiff's Motion for a Preliminary Injunction (Doc. 13) is **DENIED** without prejudice.  His Notice (Doc. 13 at 4-7) identifying the Jane/John Doe defendants is insufficient.  **Plaintiff must file a new notice within 30 days** (by January 8, 2026) describing Jane Doe 1 (the nurse he saw on January 18, 2025) and John Doe 1 (the doctor he saw around January 24, 2025).  If he wishes to add additional parties or to seek injunctive relief, he shall file an amended complaint within 30 days.

Plaintiff's embedded request (Doc. 13 at 4) for extra time to pay the filing fee is **GRANTED**.  Plaintiff was assessed an initial fee of $4.12 on October 16, 2025 (Doc. 6).  So far, he has paid $1.78 towards the fee.  **Plaintiff shall pay the remaining $2.34 of the initial partial fee by February 9, 2026**.  He shall then continue to make periodic payments until he satisfies the full $350 fee.

**IT IS SO ORDERED.**

Dated: December 8, 2025

/s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge